# EXHIBIT A

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
#### Civil Division

| | |
|---|---|
| JOHN L. RAY <br> 625 Monroe Street, NE <br> Unit 533 <br> Washington, D.C. 20017 <br><br>   Plaintiff, <br><br>    v. <br><br> CLH NEW YORK AVE, LLC <br> 7811 Montrose Road <br> Suite 200 <br> Potomac, Maryland 20854 <br><br> Serve: <br> Corporate Service Company <br> 1090 Vermont Ave, NW <br> Washington, D.C. 20005 <br><br> and <br><br> RICHARD COHEN <br> 7811 Montrose Road <br> Suite 200 <br> Potomac, Maryland 20854 <br><br> DONNIE HINTON <br> 7811 Montrose Road <br> Suite 200 <br> Potomac, Maryland 20854 <br><br> and <br><br> TONY LASH <br> 7811 Montrose Road <br> Suite 200 <br> Potomac, Maryland   20854 <br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. <br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

#### (Breach of Contract, Fraud, Unjust Enrichment Quantum Meruit and Constructive Trust)

PARTIES

1.    Plaintiff John L. Ray ("Ray") is an adult citizen of the United States and a resident of the District of Columbia. Ray also is the sole owner of JLR Consultant Group, LLC a duly registered District of Columbia limited liability company ("JLR").

2.    Defendant, CLH NEW YORK AVE, LLC is a duly registered District of Columbia limited liability company, and the holder of title to 1345 New York Avenue, N.E., Washington, D.C.

3.    Defendant Richard Cohen is a member of CLH New York Ave, LLC,  and a resident of the State of Maryland.

4    Donnie Hinton is a member of CLH New York Ave, LLC. a and a resident of the State of Maryland.

5.    Defendant Tony Lash is a former member of CLH New York Ave, LLC, citizen of the United States and a residence of the State of Maryland.

BACKGROUND

6.    In late 2011, Ray was informed by Mark Mallus a Senior Vice President at real estate broker CB Richard Ellis, Inc ("CBRE") about a parcel of land that was soon to be put on the market for sale.

7. The site of the parcel of land that forms the basis of the instant litigation is located at 1345 New York Avenue, N.E., Washington, D.C. (the "Property") [See, Exhibit 1]

8.  Mark Mallus shared with Ray his views of the uniqueness

of the parcel, including that it will be a good income generator because at that time and at present it is under lease to the District of Columbia Public School System (the "Public School System") for the purpose of parking its buses when they are not in use.

9.   Upon learning of the potential opportunity, Ray did due diligence before his plan to contact three (3) Afro-American entrepreneurs with the financial resources he believed to purchase the parcel and construct a bus depot to service tour buses.

10. Ray conducted a considerable amount of due diligence with respect to the Property being used to construct a bus depot.

11.   During Ray's due diligence, he confirmed that the Public School System was interested in continuing to lease the Property as one of its bus parking lots for an undetermined time period in the future.

12.   Other due diligence efforts undertaken by Ray included, but were not limited to, determining the existing zoning uses for the Property, obtaining the views of the Executive branch and key members of the Legislative branch of the District government with respect to the construction of a bus depot for parking and servicing tour buses on the Property and determining what the environmentalists thought of the bus depot idea.

13.   When Ray completed his due diligence, he contacted Defendant Tony Lash and explained the situation surrounding the

parcel at 1345 New York Avenue, NE. Ray shared with Defendant Lash all he knew about the possible land sale, the aforementioned due diligence Ray had done, the bus depot for tour buses and how it would work and the need for legislation to make sure tour buses would use the bus depot.

14. At this point of the discussions, Defendant Lash expressed a very strong interest. Together, Defendant Lash and Ray visited the site. On the day of the site visit, it is Ray's recollection that Defendant Lash picked Ray up at 700 12th Street, NW in a yellow Hummer. Through further discussions Defendant Lash agreed that he would attempt to purchase the parcel of land to construct a bus depot.

15. Ray and Defendant Lash agreed that because Ray brought this opportunity to him, for the due diligence he had done in paragraphs 9-12 and if they could maintain the lease from the Public Schools for five (5) years or until the Public School System had to depart the site for construction of the bus depot (the "due diligence"), he would give Ray a ten percent (10%)equity interest in the Property and any improvements thereon. Ray's due diligence work is often referred to as "sweat equity". Defendant Lash also agreed that he would get Ray a document memorializing their agreement (the "Agreement") should he be successful in his efforts to purchase the Property.

16. In March of 2012, Mark Mallus called Ray and informed

him that the seller was ready to list the Property for sale and that he would have his assistant send the relevant documents as soon as they were available. Ray call Defendant Lash and informed him of the recent developments.

17.  On March 29, 2012, Mark Mallus' Assistant Kristen Haight emailed Ray the relevant documents and on March 30, 2012 Ray's Assistant Charity Garrett emailed Defendant Lash the documents. [*See,* Exhibit 2]

18.  Defendant Lash and Ray continued their communication regarding Defendant Lash efforts to purchase the Property. At a very early point in the process Defendant Lash informed Ray that Defendant Richard Cohen had joined him in his efforts to purchase the Property.

19.  Defendant Lash also informed Ray that he had shared with Defendant Cohen the Agreement between Defendant Lash and Ray, the ten percent (10%) equity interest in the Property and any improvements thereon.  Defendant Lash further informed Ray that Defendant Cohen accepted and was in full agreement with Defendant Lash's and Ray's Agreement.

20.  At this point, Defendant Lash did not inform Ray that Defendant Donnie Hinton was part of his purchase team.

21.   During the process and following the purchase of the Property, Ray inquired of Defendant Lash when will he get the document memorializing the Agreement regarding Ray's ten percent

(10%) equity interest. Ray was consistently told by Defendant Lash that Defendant Cohen was preparing the document.

22.   After many calls and inquires and many passing months and Ray telling Defendant Lash he believed the only way to get Defendant Cohen to act on memorializing the Agreement was for Ray to file a lawsuit, Defendant Lash called Ray shortly thereafter and told him that Defendant Cohen wanted to meet to discuss Ray's interest in the Property. They met at 7811 Montrose Road in Potomac Maryland (the "Montrose Road Meeting") at Defendant Cohen's office. To the best of Ray's recollection, the meeting took place in a fifth-floor conference room. The attendees were Defendant Cohen, Defendant Lash, Sean Lash (Defendant Lash's son) and Ray.

23.   At this meeting Defendant Cohen stated that he did not want to build a bus depot because development was moving into the area and a bus depot may not be the "highest and best" use. He stated that if we held the Property for several years, we could all make more money.

24.   Defendant Cohen also stated that he would like to change Ray's ten percent (10%) equity interest to a ten percent (10%) cash interest. Defendant Cohen stated that he would make sure that Ray would do better under his ten percent (10%) cash interest proposal than under the ten percent (10%) equity interest. Defendant Cohen explained why he thought Ray would do better. Ray told Defendant Cohen and Lash that he could possibly accept the cash interest

proposal assuming it monetary value equal the monetary value of Ray's ten percent (10%) equity interest and subject to Ray reviewing the document that set forth all the details of Defendant Cohen's cash interest proposal and Ray finding the document acceptable.

25.   Defendant Cohen stated that Evan Novenstein would get the document to Ray in a few weeks. Five (5) years later, Ray has not received the promised document. Sometime later Mr. Novenstein did reach out to Ray to confirm what Defendant Cohen had told him was discussed regarding Ray's interest in the Property and Defendant's Cohen cash interest proposal. [*See*, Exhibit 3]

26.   To the best of Ray's recollection, he never heard from Mr. Novenstein on this matter, except on one occasion Plaintiff contacted Mr. Novenstein about the status of the document and he replied that he had been busy with Willco's move to another floor in same building.

27.   From time to time Ray pressed Defendant Cohen and Defendant Lash for the promised document. Defendant Lash always responded that Defendant Cohen was getting the document prepared and  Defendant Cohen always respond that the document was forth coming, but it never came.

28.   In 2015, with an intervening financial arrangement that involved a loan, Sandy Paik prepared a document that moved miles away from Ray's equity interest or the cash interest proposal that

Defendant Cohen presented at the Montrose Road Meeting. Plaintiff soundly rejected the document Sandy Paik had prepared. [*See*, Exhibits 4 & 5]

29.   Ray reached out to Defendant Lash and complained about what appeared to be the run around and the Sandy Paik document that completely eliminate Ray's equity interest or any interest that would bring him close to the financial position that his equity interest created. Defendant Lash said that he would speak with Defendant Cohen and that he stood by the original ten percent (10%) equity interest agreement and the revised cash interest proposal, if agreement is reached. Defendant Lash called Ray and shared his conversation with Defendant Cohen and assured Ray that Defendant Cohen stood by their agreement.

30.   It was at this point that Ray learned that there was a third Member of CLH, Donnie Hinton. Ray ask Defendant Lash if Defendant Hinton was the problem. Defendant Lash responded "I don't think so.  He was made aware of the Agreement from the beginning and Richie is driving the train."  He added that "Donnie feels we should try to buy you out".

31.   After Ray's email memo and discussion with Defendant Cohen, Sandy Paik notified Ray that she would revise the documents relating to Ray's interest in the Property and the note. [*See,* Exhibit 5]. However, the revised documents that Sandy Paik promise were not forth coming. With the year ending, Ray got Defendant

Lash to set up a meeting with Ray, Defendant Lash and Defendant Cohen. The meeting took place on December 14, 2015 at the Eggspectation restaurant in Silver Spring, Maryland. Defendant Cohen assured Ray that he stood by his and Defendant Lash's Agreement with Ray and that Sandy Paik misunderstood some aspects, but he would talk to her and get Ray the proper documents to sign in early 2016.

32.   In 2016, Ray followed up with Sandy Paik several times to learn the status of the documents. In general, her response was the same. She is working on them and should have them completed in a few weeks. In the end, calendar year 2016 passed without the documents being completed.

33.   As 2016 came to a close, Ray reached out to Defendant Lash to tell him the documents has not been completed. Defendant Lash stated that he would talk with Defendant Cohen to determine the problem. He did, and Defendant Cohen and Ray met later at the Panera Bread restaurant in Silver Spring, Maryland to discuss the matter. Defendant Cohen told Ray that he would get Jason Goldblatt (at that time President and CEO of Willco) to get the Agreement completed and resolved. [*See,* Exhibit 6]

34.   In 2017, Mr. Goldblatt contacted Ray and said that Defendant Cohen wanted to get the Agreement memorialized and finalized. [*See*, Exhibit 6] He asked Ray to contact Paul Wilner of Grossberg Company, LLP and work out the best approach, considering

tax implications, to reach an arrangement that allows everyone to move forward under the Agreement that Defendants Cohen, Lash and Plaintiff Ray entered into in 2012. Ray spoke with Mr. Wilner and also had his financial advisor (Jeffrey Thompson) speak with Mr. Wilner. [*See*, Exhibit 9] After Ray and Jeff Thompson had discussions with Mr. Wilner, Ray advised Mr. Goldblatt of the Wilner approach that he thought could possibly work. Going forward Ray would receive ten percent (10%) of every dollar Defendants received. Ray felt this approach could be acceptable, pending Ray's review of the details of the document memorializing the complete understanding and acceptance of the same. Goldblatt told Ray that Sandy Paik would be reaching out to Ray soon. She did. [See, Exhibit 7]

35. However, the year 2017 ended without a document being completed or presented to Ray to memorialize the Agreement. Jason Goldblatt also departed Willco in January 2018.

36. On April 13, 2018, Ray and Sandy Paik met at Ray's office at 1050 Connecticut Avenue, NW, to discuss some details of the document she was preparing. They ended their meeting with the understanding that Paik would have a document for Ray's review in a few months. During 2018, Ray reached out to Ms. Paik several times to learn the status of the document and the response continued to be it will be completed in a few weeks. The year 2018 ended without the document being completed.

37.   In 2019, Ray reached out to Sandy Paik to learn the status of the document.   [See, Exhibit 8]. She informed Ray's office that she is no longer with Willco.

38.   On July 24, 2019 Defendant Cohen, his lawyer and Ray met at Ray's office to discuss this matter. The meeting ended with Defendant Cohen offering to present Ray with a proposed settlement agreement. At the July 24th meeting, Defendant Cohen is now calling his Montrose Road Meeting cash interest proposal a "profit interest" proposal. He argues that the cash interest proposal and the now profit interest proposal are the same. He states that is what he meant at the Montrose Road Meeting - a profit interest. Ray received Defendant Cohen's proposed settlement agreement and it is totally unacceptable. [See, Exhibit 12] It is totally inconsistent with the ten percent (10%) equity interest and the proposed cash interest as Ray understood Defendant Cohen's cash interest proposal at the Montrose Road Meeting. Defendant Cohen's proposed settlement agreement would severely dilute Ray's financial interest while increasing Defendants' financial interest. Furthermore, it is totally untrue that Defendant Cohen and Ray entered into such an agreement in 2012.

39.   Ray has known Defendant Cohen since 1979 and Defendant Lash since the eighties. He considered both Defendants to be honest and trustworthy individuals and friends. Ray believed that they would honor the agreement they made with him.

40.   As noted in paragraph 2 above, Defendants Lash and Cohen formed, and duly registered with the District of Columbia government, a limited liability entity.

41.   The limited liability company that was formed by Defendants herein to hold title to the Property is named CLH NEW YORK AVE, LLC (hereinafter the "LLC").

42.   In part, based upon the efforts of Ray, Defendants through their LLC, were able to purchase the Property in 2012.

43.   Upon information and belief, since its purchase by Defendants, they have refinanced the Property and used it as collateral for the financing of other real estate ventures.

**COUNT I**
**(BREACH OF CONTRACT)**

44.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 43 above as if fully set forth herein.

45.   As long ago as 2012, Defendants explicitly represented to Ray that they would give him a ten percent (10%) equity interest in the Property and any improvements thereon based upon his due diligence efforts regarding the Property and presenting an excellent investment opportunity for Defendants. Later, Defendant Cohen would  propose that Ray's ten percent (10%) equity interest be changed to a ten percent 10% cash interest that Defendant Cohen would assure that it is a better financial

12

deal for Ray then his ten percent (10%) equity interest.

46.  Despite Defendants having acquired the Property based upon Plaintiff's efforts they have failed to honor their original oral agreement with Ray and their second proposed agreement with Ray.

47.  Ray has had multiple telephone discussions, meetings and other means of communication with Defendant Cohen and multiple telephone discussions and two (2) meetings with Defendant Lash to get the Agreement memorialized to no avail. Defendant Cohen was present at both meetings Ray had with Defendant Lash.

48.  Defendants accepted the efforts of Ray and over the years they have reaped the benefits of ownership of the Property.  Nevertheless, they have failed and refused to honor their oral agreement with Plaintiff.

49.  Notwithstanding Ray's efforts to have their oral agreement memorialized in writing, Defendants have failed and refused to honor that agreement with Plaintiff.

50.  When Jason Golblatt emailed Ray on August 29, 2017, he makes it clear and confirms Ray's original ten percent (10%) equity interest agreement between Ray and Defendants.  In his email he writes "[i]t's a simple amendment that implements the business deal you Tony and Richie agreed to. Nothing more or less." {See, Exhibit 6 and paragraph 34 above]

51.   The email exchanges between the Parties' respective financial/tax advisors represent even more evidence that Jason Goldblatt as Defendants' representative was trying to find an arrangement that recognized Ray's ten percent (10%) equity interest in the Property and to avoid a taxable event for all parties from 2012 to present. [*See*, Exhibits 9]

52.   Another example of Defendants' recognition of Ray's interest in the Property is where Jason Goldblatt, writes Ray and refers to the Property as "our Property", clearly noting Ray's interest in the Property.  [See, Exhibit 9]  Defendants, personally and through their agents, employees and representatives, have repeatedly made promises that Ray's ten percent (10%) equity interest and later Defendant Cohen's proposed ten percent (10%) cash interest would be memorialized in a document.

53.   Further evidence that Defendants had agreed to enter into an arrangement with Ray to give him a ten percent (10%)equity interest in the Property is shown when in 2015 Ray offered to sell five percent (5%)or his entire ten percent (10%) equity interest the Company. Defendant Cohen proposed an alternative whereby Defendants would loan Ray, through JLR an LLC owned and controlled by Ray, the sum of $150,000.00 because they wanted Ray to stay in the deal. Ray accepted the loan but

did not agree to forfeit his promised ten percent (10%) equity interest in the Property. [See, Exhibits 4 and 5]

54.  Up until the filing of this action, the document has not been presented by Defendants to Ray memorializing the Agreement.

55.  Defendants, individually and collectively have failed and refused to honor their oral agreement with Ray, thereby breaching their oral contract with Ray.

## Count II
## (FRAUD)

56.  Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 55 above as if fully set forth herein.

57.  Through many meetings, multiple telephone conversations and other means of communication between 2012 and the present, Defendant Cohen, as a Member and as Trustee, his representatives and his employees and Defendant Lash represented to Ray that the appropriate paperwork would be prepared to memorialized Ray's ten percent (10%) equity interest in the Property for his due diligence work and for presenting Defendants with an excellent investment opportunity. Defendants did purchase the Property and on information and belief the purchase of the Property has been an excellent investment for Defendants.

58.   Plaintiff believes and alleges that Defendants'
representations were false and that they knew of the falsity of
those statements at the time they were made.

59.   Plaintiff believes and alleges that Defendants, and
each of them, had no intention to honor their oral agreement to
provide Ray with a ten percent (10%) equity interest or the
later possible alternative ten percent (10%) cash interest in
the Property.

60.   Plaintiff relied on the representation of Defendants and
his relationship and friendship with Defendants Cohen and Lash of
over thirty (30) years.

### Count III
### (Unjust Enrichment)

61.   Plaintiff re-alleges and incorporates by reference
each and every allegation set forth in paragraphs 1 through 60
above as if fully set forth herein.

62.   As a result of the conduct described above, Defendants
have been unjustly enriched at the expense of Plaintiff.

63.   Defendants have acknowledged their unjust enrichment,
to the detriment of Plaintiff, yet still refuse to honor the
terms of their agreement with him and still refuse to produce a
document to recognize the aforesaid agreement.

64.   Defendants should be required to memorialize in
writing Plaintiff's promised ten percent (10%) equity interest

in the Property and any improvements thereon to prevent
Defendants from becoming unjustly enriched at Plaintiff's
expense.

## Count IV
## (Quantum Meruit)

65.  Plaintiff re-alleges and incorporates by reference
each and every allegation set forth in paragraphs 1 through 64
above as if fully set forth herein.

66.  Plaintiff discussed with Defendant Lash the due
diligence and the sound investment opportunity he was presenting
to Defendant Lash that could and did benefit Defendant Lash. For
Ray's due diligence work and other considerations, he asked for
a ten percent equity in the Property and any improvements should
Defendant Lash be able to purchase the Property. Defendant Lash
accepted and agreed to give Ray a ten percent (10%) equity
interest in the Property and any improvements thereon. When
Defendant Lash presented the opportunity to Defendant Cohen, he
accepted and agreed to the agreement between Defendant Lash and
Ray. This agreement entitles Ray to a ten percent (10%) equity
interest in the Property and any improvements thereon for his
due diligence, other considerations and presenting a good
investment opportunity for the Defendants and for the LLC.

67.  The reasonable value of Ray's due diligence and
presenting Defendants with an excellent investment opportunity

17

is worth ten percent ((10%) equity interest in the Property and any improvements thereon.

68.   Accordingly, Plaintiff is entitled to the reasonable value of his due diligence work and bringing the presenting to the Defendants the possible opportunity to purchase the Property.

## Count V
### (Constructive Trust)

69.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 68 above as if fully set forth herein.

70.   As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff.

71.   Defendants have acknowledged their unjust enrichment, to the detriment of Plaintiff, yet they still refuse to honor the terms of the agreement and still refuse to complete the paperwork to recognize Plaintiff's promised ten percent (10%) equity interest in the Property and any improvements thereon.

72.   Upon information and belief, Plaintiff asserts that Defendants, and/or the LLC controlled by them, receive annual payments in the amount of $790,000 from the District of Columbia School System for the rental of the parcel to park its school buses.

73.   Payment of the $790,000 annually is a matter of public

record and is to continue for 30 months from May 23, 2018.

74.   Based upon Defendants' conduct and refusal and failure to honor their oral agreement with Plaintiff, Ray seeks to have this Honorable Court impose a constructive trust on the rental payments Defendants receive from the Public School System until the amount reaches a sum which is 10% of Plaintiff's cash equity in the Property.

75.   Plaintiff is entitled to, and requests an equitable lien be placed upon all payments received by Defendants and their LLC from the Public-School System until such time as those payments equal the value of Plaintiff's ten percent (10%) equity interest.

**Wherefore**, the premises considered, Plaintiff John L. Ray prays:

1.   That he be awarded his agreed upon and promised ten percent (10%) equity interest in 1345 New York Avenue, N.E. Washington, D.C. under Count I of this Complaint.

2.   That he be awarded his agreed upon and promised ten percent (10%) equity interest in 1345 New York Avenue, N.E., Washington, D.C. **and** punitive damages in the amount of $4,000,000 under Count II of this Complaint.

3.   That he be awarded his agreed upon and promised ten percent (10%) equity interest in 1345 New York Avenue, N.E., Washington, D.C. under Count III of this Complaint.

4.   That he be awarded his agreed upon and promised ten percent (10%) equity interest in 1345 New York Avenue, N.E., Washington, D.C. under Count IV of this Complaint.

5.   That the Court impose a constructive trust on the proceeds Defendants receive for rent on 1345 New York Avenue for Plaintiff's benefit and order Defendants to pay over the money it receives therefrom to Plaintiff until such time as he receives what he would have realized from his 10% equity interest in the Property from the date the Property was acquired by Defendants until the date of this Honorable Court's decision in this matter under Count V of this Complaint.

6.   That the Court order such other and further relief as it may deem just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial as to the issues set forth in Counts I and II above.

> Respectfully submitted,
> Law Office of Ronald C. Jessamy, PLLC
>
> /s/Ronald C. Jessamy
> Ronald C. Jessamy, Bar No. 192898
> 1090 Vermont Avenue, NW, Suite 920
> Washington, DC 20005
> (202)535-3227
> (202 535-3230 fax
> rjessamy@jessamylaw.com
>
> Attorney for Plaintiff



FOR SALE

# DEVELOPMENT SITE / INVESTMENT PROPERTY
### 1345 NEW YORK AVENUE, NE
WASHINGTON, DC 20002

Traffic Signal

Traffic Signal

New York Avenue

Kendall Street

Fenwick Street

Okie Street

LAND ON MAJOR THOROUGHFARE WITH CURRENT INCOME AND DEVELOPMENT POTENTIAL

:: 3.13 ACRES :: CM-2 ZONING :: NEAR PROPOSED WALMART SITE ::

FOR MORE
INFORMATION
PLEASE
CONTACT

**Mark Mallus**
Senior Vice President
202.585.5618
mark.mallus@cbre.com

CBRE

Exhibit 1

## Ray, John

| | |
|---|---|
| **From:** | Haight, Kristen @ Washington DC <Kristen.Haight@cbre.com> |
| **Sent:** | Thursday, March 29, 2012 5:18 PM |
| **To:** | Ray, John |
| **Cc:** | Mallus, Mark @ Washington DC |
| **Subject:** | 1345 New York Avenue, NE |
| **Attachments:** | 1345 New York Avenue, NE Flyer.pdf; 1345 NEW YORK AVENUE NE CONFIDENTIALITY AGREEMENT.pdf |

Good afternoon,

Per Mark Mallus, please find attached the marketing flyer and confidentiality agreement for CBRE's listing at 1345 New York Avenue, NE. Please contact Mark (202.585.5618) with any questions.

Thank you.

Kristen Haight | Client Services Assistant
CBRE | Brokerage Services
750 9th St, NW, Suite 900 | Washington, DC 20001-4516
T: 202.585.5789 | F: 202.783.1723
kristen.haight@cbre.com | www.cbre.com

Please consider the environment before printing this email.

This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.

Exhibit 2

1

January 27, 2015

## Agreement for New York Avenue Site

1. I have a 10% interest in the New York Avenue site. It is a cash interest, not an equity interest.
2. To provide me with some cash in 2014, Richard established a cash value of $1.4 million for my 10% interest and subtracted $800,000.00 from the $1,400.000.00, to create an amount that he would pay me 15%.
3. $800,000.00 subtracted from $1,400,000.00 is $600,000.00, which Richard paid me 15% to create a $90,000.00 payment, which has been paid to me.
4. There is also the possibility that Richard will pay me an additional 5% (additional $30,000.00) based upon a mutual understanding between us.
5. The $90,000.00 and the $30,000.00, if it happens, will be deducted from my 10% cash interest payment at the time the same is paid to me.
6. If at the time of the sale of the property or an event that triggers my 10% cash interest payment and my 10% cash interest value in the property is less than the $1.4 million that Richard established to pay the 15% ($90,000.00) and possibly an additional 5% ($30,000.00), the $1.4 million number will be adjusted downward to reflect the actual cash value of my 10% cash interest at that time.

John Ray

Exhibit 3

## John

| | |
|---|---|
| **From:** | John <johnray_dc@yahoo.com> |
| **Sent:** | Wednesday, July 15, 2015 1:01 AM |
| **To:** | 'spaik@WillcoCompaniesinc.onmicrosoft.com' |
| **Cc:** | 'Rcohen@willcousa.com' |
| **Subject:** | Cohen Agreement |
| **Attachments:** | Cohen Agreement.docx |

Sandy:

Thank you for finally getting the documents to me!  However, for the reasons stated herein, I am not will to sign the documents.

First, the idea of a "Fee Agreement" is totally inconsistent with my 10% interest in the New York Avenue property. My interest is not a fee interest or the result of a fee arrange with Richard or the Company. I am the one whom brought the sale of the property to Tony Lash's attention and pointed out to him that it was a "no brainer" because the property could be purchase and the purchaser could continue to lease the property to the DC Public School System and service the debt with lease payments. Tony brought this possible transaction to the attention of Richard, and they agreed to give me a 10% cash interest. (My idea was to build a "bus depot" on the site.

My 10% interest is not based upon any services that I am providing to Richard or the Company, any services that they may request of me "from time to time in connection with the property", or any services that I am required to provide. My 10% interest is based upon the fact that I brought a very good deal to Tony Lash, who then brought it to the attention of Richard.

The $90,000 payment was not a fee, but was an advance payment of part of my 10% interest in the property.  I have attached a memo that I sent to Evans some time ago regarding the $90,000 payment and the agreement Richard and I had reached about the property's value. Thus, I do not agree with the two (2) prong approach used to determine the value of the property or my interest therein. (I know the approximate existing value of the property.) As to the property's existing value, we should use the method that Richard and I have agreed, and develop the Agreement accordingly. If it is less in value when the trigger is pulled, we will decrease the $1,400.000.00 establish vale and if it more we will use that value.

Nor, do I agree with the language or acknowledge that members of the Company are entitle to

1

Exhibit 4

"certain distributions, prior to any Fee payment". As pointed out above, my interest is not a
fee arrangement. (I might also point-out that I have never seen an "Operating Agreement".)

Regarding the "Promissory Note", I would never agree to "A Confession of Judgement
provision".
I am also in disagreement with the default aspects of the document, mainly for the reason
stated
above. I owe the Company no additional services for my 10% interest, unless the Company
decides
to build a "bus depot" on the property, which Richard decline to do because he felt there was
a
higher and better use for the property.

I would never agree to the 18% default rate of interest. Moreover, if there is going to be a May
31,
2020 payable in full date, there has to be a provision that allows me to sell my 10% interest. Of
course, the Company would have the first right to purchase my interest. (And, as noted below,
Richard wants me to stay in the deal for the long run.)

In general, this agreement is a much more complicated and, in my view, does not represent
what
Richard and I discussed. I proposed selling 5% of my interest or my 10% interest to the
Company.
Richard said he wanted me to stay in the deal, for obvious reasons, which others might not
readily
see, but the documents that you sent to me presents an agreement and a promissory note
that I
am unable to sign.


John Ray

John

| | |
|---|---|
| **From:** | Sandy Paik <spaik@willcocompanies.com> |
| **Sent:** | Monday, July 27, 2015 11:14 AM |
| **To:** | John |
| **Subject:** | phone call |

Hi John,

I called you last week but haven't heard back.  Please call at your convenience.  I understand that you and Richie discussed having the loan funded in advance of having the documentation completed.

While we are fine with doing that, please sign the note in its current format, and we'll amend and restate it when we finalize the documents.

Thank you.

My best,

**Sandy Paik, Esq.**
Director of Legal Affairs

WILLCO
7811 Montrose Road, Suite 200
Potomac, MD 20854
Direct: 240-399-1408
spaik@willco.com
www.willco.com



WILLCO

Exhibit 5

**Ray, John**

| | |
|---|---|
| **From:** | Ray, John |
| **Sent:** | Tuesday, August 29, 2017 6:33 PM |
| **To:** | Jason Goldblatt |
| **Subject:** | RE: Call |

Okay!

**John Ray**
Partner

Manatt, Phelps & Phillips, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036
**D** (202) 585-6585 **F** (202) 637-1521
JRay@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Jason Goldblatt [mailto:JGoldblatt@willco.com]
**Sent:** Tuesday, August 29, 2017 6:28 PM
**To:** Ray, John
**Subject:** Re: Call

Understood. It's a simple amendment that implements the business deal you, Tony and Richie agreed to. Nothing more or less. Please call Paul to discuss the tax treatment impact to you. Thanks John.

Jason L. Goldblatt
Willco

Please excuse any typos or shorthand as this was sent via mobile phone.

On Aug 29, 2017, at 10:54 PM, Ray, John <JRay@manatt.com> wrote:

> I got your message regarding calling Mr. Wilner(?). I will give
> him a call, but I have not seen the document that (I assume)
> will be the subject of our discussion. Not sure about the total
> objectives of the call, but I cannot agree to the contents of the
> document until I have reviewed it.
>
> Cheers,
>
> **John Ray**
> Partner
>
> Manatt, Phelps & Phillips, LLP

1

Exhibit 6

1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036
**D** (202) 585-6565 **F** (202) 637-1521
JRay@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

Exhibit 6, p.2

**Ray, John**

| | |
|---|---|
| **From:** | Jason Goldblatt <JGoldblatt@willco.com> |
| **Sent:** | Wednesday, September 06, 2017 9:36 AM |
| **To:** | Ray, John |
| **Subject:** | Paul Wilner |

Did you and Paul speak yet?  Thanks.

Jason Goldblatt | President
Willco
7811 Montrose Road, Suite 200
Potomac, MD 20854
Direct: 240.399.1420
jgoldblatt@willco.com | www.willco.com



WILLCO

**Ray, John**

| | |
|---|---|
| **From:** | Jason Goldblatt <JGoldblatt@willco.com> |
| **Sent:** | Friday, September 08, 2017 5:02 PM |
| **To:** | Ray, John |
| **Subject:** | RE: Paul Wilner |

Perfect – thanks and keep me posted as we'd like to wrap this up – and I know you would too!

**From:** Ray, John [mailto:JRay@manatt.com]
**Sent:** Friday, September 8, 2017 4:35 PM
**To:** Jason Goldblatt <JGoldblatt@willco.com>
**Subject:** RE: Paul Wilner


Yes, I spoke with him. He presented three (3) possible approaches. He
offered to explained hi three (3) possible approaches to the person(s)
I use for tax advice. While I have developed an initial view about his
approaches, I will have Jeffrey Thompson call Mr. Wilner to make sure
that I fully understand his approaches.


**John Ray**
Partner

Manatt, Phelps & Phillips, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036
D (202) 585-6565 F (202) 637-1521
JRay@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential
information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby
notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If
you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without
reading them or saving them to disk. Thank you

**From:** Jason Goldblatt [mailto:JGoldblatt@willco.com]
**Sent:** Wednesday, September 06, 2017 9:36 AM
**To:** Ray, John
**Subject:** Paul Wilner

Did you and Paul speak yet?  Thanks.


Exhibit 6, p.4

_____
**Jason Goldblatt | President**
Willco
7811 Montrose Road, Suite 200

1

**Ray, John**

| | |
|---|---|
| **From:** | Sandy Paik <spaik@willco.com> |
| **Sent:** | Tuesday, September 19, 2017 1:45 PM |
| **To:** | Ray, John |
| **Subject:** | Re: NY Avenue |

Hi John - let's speak tomorrow at 11am.

My best,
Sandy

**Sandy Paik, Esq.**
WILLCO
Direct: 240-399-1408
Email: spaik@willco.com

On Sep 19, 2017, at 12:04 PM, Ray, John <JRay@manatt.com> wrote:

Sandy – I apologize for the delay in responding to your email message – busy.
I have some time September 20th 11:00 – 12:00 or any time after 2:00,
September 21st 10:00 – 11:00 any time after 3:30, September 26th 10:30 – 12:00
or any time after 3:00 and September 27th 10:00 – 1:00 or any time after 4:00.

**John Ray**
Partner

Manatt, Phelps & Phillips, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036
D (202) 585-6565 F (202) 637-1521
JRay@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

| | |
|---|---|
| **From:** | Sandy Paik [mailto:spaik@willco.com] |
| **Sent:** | Monday, September 11, 2017 5:02 PM |
| **To:** | Ray, John |
| **Subject:** | NY Avenue |

Hi John,

Just checking in with you. Do you have a few minutes to speak this week or next? Let's schedule some time to discuss so we can finalize the documentation. Thank you.

1

Exhibit 7

From: **John Ray** johnray_dc@yahoo.com
Subject: New York Avenue Property Agreemwnt
Date: April 4, 2019 at 11:33 PM
To: Sandy Paik spaik@wilico.com

Sandy:

I hope this email message finds you well. I am writing to learn the status, if there is a status, of the Agreement that you were to complete and present to me in 2017 and then in 2018 between me, Richard Cohen and the other two (2) partners regarding the New York Avenue property. As you may recall, after you were unable to complete the Agreement in 2017, you and I met last year at Manatt and discussed this matter. We concluded our discussion with the understanding that the appropriate documents would be completed with in a few months.

Obviously, this did not happen. We are now in the Month of April of 2019. I have not heard from you since our meeting at Manatt last year. I plan to reach out to Richard about where we are, so I thought I should communicate with you first to ascertain where you think things are. It appears that the plan we discussed has stalled or was always stalled.

I believe I have been patient and tried to be cooperative, but we seem to be going no where and time is not standing in place.

I wait to hear from you.

Cheers,

John Ray

Exhibit 8

From: [redacted]
Sent: Friday, September 22, 2017 3:54 PM
To: Ray, John
Subject: Fwd: Call with Paul Wilner

John:  FYI. Geoff

Sent from my iPhone

Begin forwarded message:

From: [redacted]
Date: September 22, 2017 at 3:53:02 PM EDT
To: "Kathy N. Steinko" <[redacted]>
Subject: Re: Call with Paul Wilner

Kathy: Tuesday at 9am is a good time. I will call Mr. Wilner then. Thanks very much, and have a good weekend. Geoff

Sent from my iPhone

Exhibit 9

Mr. Thompson,

Does Tuesday, September 26th at 9 AM work for your schedule?

Thank you!

Kathy N. Steinko
Tax Processing Manager &
Executive Assistant to Paul H. Wilner, CPA
Grossberg Company LLP
6500 Rock Spring Drive, Suite 200
Bethesda, MD 20817
Phone: 301-571-1900 ext. 221
Direct Fax: 240-752-0271
kns@grossberg.com

<image001.jpg>

**From:** geoffrafee@gmail.com [mailto:geoffrafee@gmail.com]
**Sent:** Friday, September 22, 2017 2:29 PM
**To:** Kathy N. Steinko <kns@grossberg.com>
**Subject:** Re: Call with Paul Wilner

Kathy: Following up with you about the call with Mr Wilner. Please let me know a good time for me to call him. Thanks, Geoff

Sent from my iPhone

geoffrafee@gmail.com

Yes

Sent from my iPhone

kns@grossberg.com

**From:** geoffaries@gmail.com [mailto:geoffaries@gmail.com]
**Sent:** Friday, September 22, 2017 3:54 PM
**To:** Ray, John
**Subject:** Fwd: Call with Paul Wilner

John: FYI, Geoff

Sent from my iPhone

Begin forwarded message:

> **From:** geoffaries@gmail.com
> **Date:** September 22, 2017 at 3:53:02 PM EDT
> **To:** "Kathy N. Steinko" <kns@Grossberg.com>
> **Subject:** Re: Call with Paul Wilner

Exhibit 9, p.3

Kathy: Tuesday at 9am is a good time. I will call Mr. Wilner then. Thanks very much, and have a good weekend. Geoff

Sent from my iPhone

On Sep 22, 2017, at 3:44 PM, "Kathy N. Steinko" <kns@Grossberg.com> wrote:

Mr. Thompson,

Does Tuesday, September 26th at 9 AM work for your schedule?

Thank you!

*Kathy N. Steinko*
Tax Processing Manager &
Executive Assistant to Paul H. Wilner, CPA
Grossberg Company LLP
6500 Rock Spring Drive, Suite 200
Bethesda, MD 20817
Phone: 301-571-1900 ext. 221
Direct Fax: 240-752-0271
kns@grossberg.com

<image001.jpg>

**From:** geoffaries@gmail.com [geoffaries@gmail.com]
**Sent:** Friday, September 22, 2017 2:29 PM
**To:** Kathy N. Steinko <kns@Grossberg.com>
**Subject:** Re: Call with Paul Wilner

Kathy: Following up with you about the call with Mr Wilner. Please let me know a good time for me to call him. Thanks, Geoff

Sent from my iPhone

On Sep 21, 2017, at 12:03 PM, geoffaries@gmail.com wrote:

Yes

Sent from my iPhone

On Sep 21, 2017, at 12:02 PM, "Kathy N. Steinko" <kns@Grossberg.com> wrote:

And you are Mr. Ray's tax advisor?

*Kathy N. Steinko*

Tax Processing Manager &

Executive Assistant to Paul H. Wilner, CPA

Grossberg Company LLP

6500 Rock Spring  Drive, Suite 200

Bethesda, MD 20817

Phone: 301-571-1900 ext. 221

Direct Fax: 240-752-0271

kns@grossberg.com


<image001.jpg>


**From:** geoffaries@gmail.com [geoffaries@gmail.com]
**Sent:** Thursday, September 21, 2017 12:01 PM
**To:** Kathy N. Steinko <kns@Grossberg.com>
**Subject:** Re: Call with Paul Wilner

On behalf of John Ray. Thanks

Sent from my iPhone

On Sep 21, 2017, at 11:36 AM, "Kathy N. Steinko" h<kns@Grossberg.com> wrote:

> Hi Mr. Thompson,
>
> Mr. Wilner needs a bit of clarification. Are you calling on behalf of John Ray or are you calling regarding a similar matter as John Ray?
>
> Thank you!
>
> *Kathy N. Steinko*
>
> Tax Processing Manager &
>
> Executive Assistant to Paul H. Wilner, CPA
>
> Grossberg Company LLP
>
> 6500 Rock Spring  Drive, Suite 200
>
> Bethesda, MD 20817
>
> Phone: 301-571-1900 ext. 221
>
> Direct Fax: 240-752-0271
>
> kns@grossberg.com

\<image001.jpg\>

**From:** geoffaries@gmail.com [geoffaries@gmail.com]
**Sent:** Thursday, September 21, 2017 10:57 AM
**To:** Kathy N. Steinko <kns@Grossberg.com>
**Subject:** Re: Call with Paul Wilner

Kathy: We are free to do the call between 2pm to 4:30pm tomorrow. Please let me know if that is ok for Mr Wilner and the precise time we should call him. Thanks very much, Geoff Thompson

Sent from my iPhone

On Sep 19, 2017, at 10:54 AM, "Kathy N. Steinko" <kns@Grossberg.com> wrote:

Mr. Thompson,

I am writing to follow-up on your call from last week regarding a day and time to speak with Mr. Wilner. If you could please provide me with a few dates and times that you and your tax advisor are available for a phone call, I will get something on his calendar.

Sincerely,

*Kathy N. Steinko*
Tax Processing Manager &
Executive Assistant to Paul H. Wilner, CPA
Grossberg Company LLP
6500 Rock Spring Drive, Suite 200
Bethesda, MD 20817
Phone: 301-571-1900 ext. 221
Direct Fax: 240-752-0271
kns@grossberg.com

\<image001.jpg\>

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by

return e-mail and delete it from his or her computer.

**From:** geoffaries@gmail.com [mailto:geoffaries@gmail.com]
**Sent:** Thursday, September 21, 2017 11:47 AM
**To:** Ray, John
**Subject:** Fwd: Call with Paul Wilner

John: FYI. Geoffrey

Sent from my iPhone

Begin forwarded message:

> **From:** geoffaries@gmail.com
> **Date:** September 21, 2017 at 10:57:19 AM EDT
> **To:** "Kathy N. Steinko" <kns@Grossberg.com>
> **Subject:** Re: Call with Paul Wilner

Exhibit 9, p.8

Kathy: We are free to do the call between 2pm to 4:30pm tomorrow. Please let me know if that is ok for Mr Wilner and the precise time we should call him. Thanks very much, Geoff Thompson

Sent from my iPhone

On Sep 19, 2017, at 10:54 AM, "Kathy N. Steinko" <kns@Grossberg.com> wrote:

Mr. Thompson,

I am writing to follow-up on your call from last week regarding a day and time to speak with Mr. Wilner. If you could please provide me with a few dates and times that you and your tax advisor are available for a phone call, I will get something on his calendar.

Sincerely,

Kathy N. Steinko

Tax Processing Manager &
Executive Assistant to Paul H. Wilner, CPA
Grossberg Company LLP
6500 Rock Spring  Drive, Suite 200
Bethesda, MD 20817
Phone: 301-571-1900 ext. 221
Direct Fax: 240-752-0271
kns@grossberg.com

<image001.jpg>

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

Exhibit 9, p. 9

## Ray, John

| | |
|---|---|
| **From:** | John Ray <johnray_dc@yahoo.com> |
| **Sent:** | Tuesday, July 10, 2018 4:16 PM |
| **To:** | Ray, John |
| **Subject:** | Re: NY Avenue Gateway Act |

No! This is not it.

Sent from my iPhone

On Jul 10, 2018, at 2:57 PM, Ray, John <JRay@manatt.com> wrote:

Is this it?


**John Ray**
Partner

Manatt, Phelps & Phillips, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036
D (202) 585-6565 F (202) 637-1521
JRay@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Jason Goldblatt [mailto:JGoldblatt@willcocompanies.com]
**Sent:** Tuesday, July 08, 2014 10:12 AM
**To:** Ray, John
**Cc:** Richard Cohen
**Subject:** FW: NY Avenue Gateway Act

Hi John --

Richie and I would like your thoughts/ideas on the attached. How can we help our property. Thank you very much.

Jason

**From:** Cheryl.Jones@hklaw.com [mailto:Cheryl.Jones@hklaw.com] **On Behalf Of** norman.giasgowjr@hklaw.com
**Sent:** Friday, June 20, 2014 2:55 PM
**To:** Jason Goldblatt
**Subject:** NY Avenue Gateway Act

Exhibit 10

Please call me with your comments
Chip

**Cheryl Jones | Holland & Knight**
Sr Legal Secretary
800 17th Street, NW Suite 1100 | Washington DC 20006
Phone 202.419.2468 | Fax 202.955.5564
cheryl.jones@hklaw.com | www.hklaw.com

Add to address book

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

<#30537461v2_Active_ - NY Avenue Gateway Act - H&K Analysis & Questions.DOCX>

<NY Avenue Gateway Act - H&K Analysis & Questions - NY Avenue Gateway Act - H&K Analysis & Questions.pdf>

Exhibit 10, p.2

**From:** Ray, John
**Sent:** Tuesday, August 29, 2017 6:33 PM
**To:** Jason Goldblatt
**Subject:** RE: Call

Okay!

John Ray

Partner

_____

Manatt, Phelps & Phillips, LLP

1050 Connecticut Avenue, NW, Suite 600

Exhibit 11

Washington, DC 20036

D (202) 585-6565 F (202) 637-1521
JRay@manatt.com


manatt.com


CONFIDENTIALITY NOTICE. This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Jason Goldblatt [JGoldblatt@willco.com]
**Sent:** Tuesday, August 29, 2017 6:28 PM
**To:** Ray, John
**Subject:** Re: Call

Understood. It's a simple amendment that implements the business deal you, Tony and Richie agreed to. Nothing more or less. Please call Paul to discuss the tax treatment impact to you. Thanks John.

Jason L. Goldblatt
Willco

Please excuse any typos or shorthand as this was sent via mobile phone.

On Aug 29, 2017, at 10:54 PM, Ray, John <JRay@manatt.com> wrote:

> I got your message regarding calling Mr. Wilner(?). I will give him a call, but I have not seen the document that (I assume) will be the subject of our discussion. Not sure about the total objectives of the call, but I cannot agree to the contents of the document until I have reviewed it.
>
> Cheers,
>
> **John Ray**
> Partner
>
> ---
>
> Manatt, Phelps & Phillips, LLP
> 1050 Connecticut Avenue, NW, Suite 600

Washington, DC 20036

**D** (202) 585-6565 **F** (202) 637-1521
JRay@manatt.com


manatt.com


CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

Exhibit 11, p.3

From: "Schwalb, Brian L." <BL.Schwalb@Venable.com>
Subject: RE: CLH New York Ave -- FOR SETTLEMENT PURPOSES ONLY
Date: August 8, 2019 at 2:13:49 PM EDT
To: John Ray <johnray_dc@yahoo.com>
Cc: "Schwalb, Brian L." <BL.Schwalb@Venable.com>

John -- Thanks for your email. I will pass it along to Richie. However, I am traveling today and will be out of
the office next week, so I know getting you all of the information you've requested by tomorrow will not be
possible.

Brian L. Schwalb, Esq. | Venable LLP
t 202.344.4356 | f 202.344.8300 | m 202.256.3275
600 Massachusetts Avenue, NW, Washington, DC 20001

BL.Schwalb@Venable.com | www.Venable.com

From: John Ray [mailto:johnray_dc@yahoo.com]
Sent: Thursday, August 08, 2019 1:09 PM
To: Schwalb, Brian L. <BL.Schwalb@Venable.com>
Subject: Re: CLH New York Ave -- FOR SETTLEMENT PURPOSES ONLY

Brian  - I have reviewed your draft "Summary of Agreement" document. In order for me
to
complete my review and give you a response by Monday (August 12, 2019), I need the
following information by the close of business on Friday, August 9, 2019. The
information
I need is:

1.  The financial statements for the past 3 years on CLH New York Avenue, LLC
(CLH);
2.  Tax returns for the past 3 years for CLH;
3.  A copy of all loan documents for CLH for all  lenders, including loans made to CLH
by
    members of CLH;
4.  Documents on the sale of Lash's 33.33% interest in CLH to Cohen and Hinton; and
5.  A copy of the Operating Agreement for CLH.

I want to give you my  response by Monday (August 12, 2019) because valuable time is
being loss every day and a decision must be made quickly if we can reach a settlement
agreement.

Exhibit 12

Thanks,


John Ray



On Aug 6, 2019, at 5:46 PM, Ray, John <JRay@manatt.com> wrote:

Willco Settlement

**John Ray**
Partner

_____

**Manatt, Phelps & Phillips,** LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036
D (202) 585-6566 F (202) 637-1521
JRay@manatt.com


manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may
contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to
the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or
attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by
reply e-mail and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Schwalb, Brian L. [mailto:BLSchwalb@Venable.com]
**Sent:** Tuesday, August 06, 2019 8:43 AM
**To:** Ray, John
**Cc:** Richard Cohen; Schwalb, Brian L.
**Subject:** CLH New York Ave -- FOR SETTLEMENT PURPOSES ONLY

John -- Per our conversation at your offices on July 24, attached, please find a draft "Summary of Agreement" document reflecting the terms of the agreement that Richard Cohen and you entered into back in 2012 in connection with the NY Avenue Property. Please let me know if you have any questions or wish to discuss.

Brian L. Schwalb, Esq. | Venable LLP
t 202.344.4356 | f 202.344.8300 | m 202.256.3275
600 Massachusetts Avenue, NW, Washington, DC 20001

BLSchwalb@Venable.com | www.Venable.com


**************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply

Exhibit 12
P. 2

transmission and delete the message without copying or disclosing it.
*********************************************************************

<47283933_4.pdf>

***********************************************************

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
***********************************************************

Superior Court of the District of Columbia
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

John L. Ray
_____
                              Plaintiff

                    vs.                                    Case Number _____

Donnie Hinton
_____
                              Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Ronald C. Jessamy
_____              *Clerk of the Court*
Name of Plaintiff's Attorney

Ronald C. Jessamy
_____      By _____
Address
1090 Vermont Ave., NW, Suite 820                      Deputy Clerk

(202) 487-4439
_____      Date _____
Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ.

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                      Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

John L. Ray
_____
Plaintiff

vs.

Richard Cohen                                    Case Number _____
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

/s/ Ronald C. Jessamy                                    _Clerk of the Court_
_____
Name of Plaintiff's Attorney

Ronald C. Jessamy                                    By _____
_____
Address                                                        Deputy Clerk
1090 Vermont Ave, NW Suite 920

(202) 535-3227                                         Date _____
_____
Telephone

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요.           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

Superior Court of the District of Columbia
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

John L. Ray

_____
Plaintiff

vs.

CLH New York Ave, LLC Serve: Corporate Service Compay

_____
Defendant

Case Number _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Ronald C. Jessamy
_____
Name of Plaintiff's Attorney

Ronald C. Jessamy
_____
Address

1090 Vermont Ave, NW Suite 920

(202) 535-3227
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시요.    ኣማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

John L. Ray

Case Number: _____

vs

Date: 8/19/2019

CLH New York Ave, LLC
et al

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Ronald C. Jessamy<br>Firm Name:<br>LAW OFFICE OF RONALD C. JESSAMY<br>Telephone No.:         Six digit Unified Bar No.<br>(202) 535-3227   192898 | Relationship to Lawsuit<br>☐ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury

Demand: $4,000,000.00                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

### A. CONTRACTS                    COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
     Over $25,000 Pltf. Grants Consent
☐ 97 Insurance/Subrogation
     Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
     Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
     Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
     Under $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical *(Including Wrongful Death)*
☐ 16 Negligence- (Not Automobile,
     Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
     Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D. REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_(signature)_ _____  ___8/19/2019___

Attorney's Signature                              Date

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

John L. Ray                      Case Number: _____

vs                               Date: __8/19/2019__

CLH New York Ave, LLC            ☐ One of the defendants is being sued
et al                               in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Ronald C. Jessamy | ☐ Attorney for Plaintiff |
| Firm Name: | ☐ Self (Pro Se) |
| LAW OFFICE OF RONALD C. JESSAMY | ☐ Other: |
| Telephone No.:          Six digit Unified Bar No. | |
| (202) 535-3227   192898 | |

TYPE OF CASE: ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury
Demand: $4,000,000.00                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**                    COLLECTION CASES

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees           Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                     Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile           ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion           ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy             ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 11 Libel and Slander                   Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference          ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution          ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal              ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,   ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                             Not Malpractice)                ☐ 23 Tobacco
                                                                       ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE     IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151.9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_3/19/2019_
Date

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

John L. Ray

Case Number: _____

vs

Date: _8/19/2019_

CLU New York Ave, LLC
et al

☐ One of the defendants is being sued
    in their official capacity.

Name: *(Please Print)*
Ronald C. Jessamy

Firm Name:
LAW OFFICE OF RONALD C. JESSAMY

Telephone No.:            Six digit Unified Bar No.:
(202) 535-3227    192898

Relationship to Lawsuit

☐ Attorney for Plaintiff
☐ Self (Pro Se)
☐ Other: _____

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury

Demand: $4,000,000.00                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar#: _____

NATURE OF SUIT:    *(Check One Box Only)*

## A. CONTRACTS                    COLLECTION CASES

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property              Over $25,000 Pltf. Grants Consent            Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent          Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                    Award (Collection Cases Only)

## B. PROPERTY TORTS

☐ 01 Automobile                  ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

## C. PERSONAL TORTS

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy               ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander                      Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference            ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death)    ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                          Not Malpractice)                   ☐ 23 Tobacco
                                                                       ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151.9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_8/19/2019_
Date

08/20/2019

Issue Date: 08/20/2019
Service: Summons Issued
Method: Service Issued
Cost Per: $

CLH NEW YORK AVE, LLC
7811 Montrose Road
Suite 200
POTOMAC, MD  20854
Tracking No: 5000218672

CLH NEW YORK AVE, LLC
1090 Vermont Avenue, NW
WASHINGTON, DC  20005
Tracking No: 5000218673

COHEN, RICHARD
7811 Montrose Road
Suite 200
POTOMAC, MD  20854
Tracking No: 5000218674

LASH, TONY
7811 Montrose Road
Suite 200
POTOMAC, MD  20854
Tracking No: 5000218675

HINTON, DONNIE
7811 Montrose Road
Suite 200
POTOMAC, MD  20854
Tracking No: 5000218676

| 08/20/2019 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 12/13/2019   Time: 9:30 am<br>Judge: WILLIAMS, YVONNE   Location: Courtroom 518 |

*SUPERIOR COURT OF THE DISTRICT OF COLUMBIA*
*Civil Division*

| | |
|---|---|
| *JOHN L. RAY*<br>*625 Monroe Street, NE*<br>*Unit 533*<br>*Washington, D.C. 20017* )<br>)<br>)<br>)<br>) | |
| *Plaintiff,* )<br>) | |
| *v.* )<br>) | Case No. 2019 CA 005461 B |
| *CLH NEW YORK AVE, LLC*<br>*78111 Montrose Road*<br>*Suite 200*<br>*Potomac, Maryland 20854* )<br>)<br>)<br>)<br>) | Judge Yvonne Williams<br>Next Court Event:<br>Initial Sch. Conf<br>12/13/2019 9:30 a.m. |
| *Serve:*<br>*Corporate Service Company*<br>*1090 Vermont Ave, NW*<br>*Washington, D.C. 20005* )<br>)<br>)<br>)<br>) | |
| *and* )<br>) | |
| *RICHARD COHEN*<br>*7811 Montrose Road*<br>*Suite 200*<br>*Potomac, Maryland 20854* )<br>)<br>)<br>)<br>) | |
| *DONNIE HINTON*<br>*7811 Montrose Road*<br>*Suite 200*<br>*Potomac, Maryland 20854* )<br>)<br>)<br>)<br>) | |
| *and* )<br>) | |
| *TONY LASH*<br>*7811 Montrose Road*<br>*Suite 200*<br>*Potomac, Maryland   20854* )<br>)<br>)<br>) | |
| *Defendants.* ) | |

Praecipe

The Clerk of the Court will please add the Exhibit that

1

accompanies this Praecipe to the documents that were e-filed in the above-reference case on Monday, August 19, 2019. It was inadvertently left off of the initial filing:

Attached document: Exhibit 2, p.2 to the Complaint.

Respectfully submitted,
Law Office of Ronald C. Jessamy, PLLC

/s/Ronald C. Jessamy
Ronald C. Jessamy, Bar No. 192898
1090 Vermont Avenue, NW, Suite 920
Washington, DC 20005
(202)535-3227
(202 535-3230 fax
rjessamy@jessamylaw.com
Attorney for Plaintiff

### Certificate of Service

I hereby certify that on this 22st Day of August, 2019, a copy of the foregoing Praecipe and accompanying document were served on the following Defendants via first class mail, postage prepaid:

CLH NEW YORK AVE, LLC
7811 Montrose Road
Suite 200
Potomac, Maryland 20854

*[Serve:*
*Corporate Service Company*
*1090 Vermont Ave, NW*
*Washington, D.C. 20005]*

RICHARD COHEN
7811 Montrose Road
Suite 200
Potomac, Maryland 20854

```
DONNIE HINTON
7811 Montrose Road
Suite 200
Potomac, Maryland 20854

and

Tony Lash
7811 Montrose Road
Suite 200
Potomac, Maryland 20854
```

**Ray, John**

| | |
|---|---|
| **From:** | Garrett, Charity |
| **Sent:** | Friday, March 30, 2012 6:32 PM |
| **To:** | 'HOLIT@aol.com' |
| **Cc:** | Ray, John |
| **Subject:** | FW: 1345 New York Avenue, NE |
| **Attachments:** | 1345 New York Avenue, NE Flyer.pdf; 1345 NEW YORK AVENUE NE CONFIDENTIALITY AGREEMENT.pdf |

Hi Tony,

Please print, execute and deliver attached to Kristen Haight @ CBRE (see below for delivery info).  Keep a copy of all for your records.  Please call John with any related questions/concerns.  Thank you and have a great weekend.

Charity

Kristen Haight | Client Services Assistant
CBRE | Brokerage Services
750 9th St, NW, Suite 900 | Washington, DC 20001-4516
T: 202.685.5769 | F: 202.783.1723
kristen.haight@cbre.com | www.cbre.com

Please consider the environment before printing this email.

This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.

Exhibit 2, p.2

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION, CIVIL ACTIONS BRANCH**
500 Indiana Avenue, N.W., Room 5000
Washington, D.C. 20001
Telephone (202) 879-1133

Civil Action No. 2019 CA 005461 B

Jean L. Ray
**Plaintiff**

VS

CLH New York Ave, LLC
**Defendant**

## AFFIDAVIT OF SERVICE BY SPECIAL PROCESS SERVER

I, Nathan James _____, age 18 or older, residing or working
at 1090 Vermont Avenue, NW Washington, DC 20005 _____, am not a party and have
no interest in this case. On Friday, August 23 _____, 20 19, at 10:20 a.m. ____ AM/PM.

1. I served a copy of the summons, complaint, initial order, and addendum if necessary,
and any attachments as follows on **defendant** CLH New York Ave, LLC _____

[ ]     Personally at _____

[ ]     By leaving said copy with _____, a person
        of suitable age and discretion, who stated that he/she resides with the defendant at

[✓]     By leaving said copy with Jordan Momson, Corporation Service Company, Registered Agent ____ at
        1090 Vermont Ave #430 Washington, D.C. 20005
        He/She stated that they are authorized to accept service on behalf of the above defendant
        by statute or law and his/her official capacity is Litigation Management _____

2. Below, you must set forth specific facts from which the Court can determine that
process was served as indicated above and in compliance with SCR CIV 4, including a
physical description (approximate age, height, weight) of any person on whom service
was made:
African/American male, about 5ft, 8 inches tall, about 28 years of age, (wearing braces)

Subscribed and sworn to before me this 23rd day of Aug, 20 19 ____ Special Process Server

_____
Notary Public / Deputy Clerk

My Commission Expires February 14, 2023
My Commission Expires

NOTE:  A separate Affidavit of Service is required for each named Defendant

| 08/24/2019 | Proof of Service |
|---|---|
| | Method    : Service Issued |
| | Issued    : 08/20/2019 |
| | Service   : Summons Issued |
| | Served    : 08/23/2019 |
| | Return    : 08/24/2019 |
| | On        : CLH NEW YORK AVE, LLC |
| | Signed By : JORDAN MOMSON |
| | |
| | Reason    : Proof of Service |
| | Comment   : |
| | |
| | Tracking #: 5000218673 |

Filed
D.C. Superior Court
09/10/2019 20:37PM
Clerk of the Court

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| JOHN L. RAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2019 CA 005461 B |
| | ) | |
| CLH NEW YORK AVE, LLC, *et al.* | ) | Judge Yvonne M. Williams |
| | ) | Next Event: Initial Scheduling Conference |
| Defendants. | ) | December 13, 2019 |
| _____ | ) | |

**UNOPPOSED CONSENT MOTION FOR ENLARGEMENT OF TIME**
**TO RESPOND TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 6(b)(1) of the Superior Court Rules of Civil Procedure, Defendants CLH New York Ave, LLC ("CLH"), Richard Cohen, Donnie Hinton, and Tony Lash (collectively, with CLH, the "Defendants"), through undersigned counsel, respectfully move this Court for the entry of an Order extending the date by which Defendants must respond to Plaintiff's Complaint to and including Tuesday, October 15, 2019.  All parties, through counsel, consent to the relief requested herein.  In support of this Motion, Defendants state as follows:

1.      Plaintiff filed his Complaint on August 19, 2019.  On August 23, 2019, Plaintiff served Defendant CLH with his Complaint and Summons.  On August 24, 2019, Defendant CLH agreed to accept service of process of Plaintiff's Complaint.  On September 4, 2019, counsel for Defendant CLH agreed to accept service of process of Plaintiff's Complaint on behalf of all additional Defendants.

2.      Defendant CLH's response to Plaintiff's Complaint is currently due on or before Friday, September 13, 2019.

3.      There is good cause to support this Motion.  Defendants' undersigned counsel seeks sufficient time to investigate the matters alleged in the Complaint and prepare their responses.

Given professional commitments, summer holidays, and long-standing vacation plans of counsel, Defendants require additional time to conduct an investigation and prepare their response to the Complaint.

4.      Accordingly, Defendants seek a modest enlargement of time to and including Tuesday, October 15, 2019 to respond to Plaintiff's Complaint.

5.      No party has previously requested an extension of any deadline in this matter.

6.      No party will be prejudiced by the requested enlargement, as evidenced by Plaintiff's consent to this Motion.  Moreover, Plaintiff does not seek preliminary injunctive or emergency relief.  Granting the extension will not delay resolution of this matter and will not result in the delay of any scheduled deadlines or hearings.

7.      Undersigned counsel has conferred with Plaintiff's counsel, who advises that Plaintiff consents to the relief sought in this Motion.

WHEREFORE, Defendants request an enlargement of the time in which to respond to Plaintiff's Complaint to and including Tuesday, October 15, 2019.  For the Court's convenience, a proposed Order is attached.

## **RULE 12-I(a) STATEMENT**

I certify that I have conferred with counsel for Plaintiff, who advises that Plaintiff consents to the relief requested in this Motion.

2

Date:   September 10, 2019                    Respectfully submitted,


      /s/ Brian L. Schwalb
Brian L. Schwalb (D.C. Bar # 428551)
Moxila A. Upadhyaya (D.C. Bar # 494373)
BLSchwalb@Venable.com
MAUpadhyaya@Venable.com
Venable LLP
600 Massachusetts Ave., NW
Washington, DC  20001
Telephone: (202) 344-4000
Fax: (202) 344-8300

*Counsel for Defendants CLH New York Ave,*
*LLC,  Richard  Cohen,  Donnie  Hinton,  and*
*Tony Lash*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of September, 2019, a copy of the foregoing was served

through the Court's electronic filing system on:

Ronald C. Jessamy, Esq.
Law Office of Ronald C. Jessamy, PLLC
1090 Vermont Ave, NW
Suite 920
Washington, DC 20005

*Counsel for Plaintiff*

<u>        /s/ Brian L. Schwalb   </u>
Brian L. Schwalb

4

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| JOHN L. RAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2019 CA 005461 B |
| | ) | |
| CLH NEW YORK AVE, LLC, *et al.* | ) | Judge Yvonne M. Williams |
| | ) | Next Event: Initial Scheduling Conference |
| Defendants. | ) | December 13, 2019 |
| _____ | ) | |

**[PROPOSED] ORDER**

Upon consideration of Defendants' Unopposed Consent Motion for Enlargement of Time to Respond to Complaint, it is hereby:

**ORDERED** that the Consent Motion is **GRANTED**; and it is

**FURTHER ORDERED** that Defendants shall answer or otherwise respond to Plaintiff's Complaint on or before Tuesday, October 15, 2019.

**IT IS SO ORDERED**, this _____ day of _____ 2019.

_____
Hon. Yvonne M. Williams, Associate Judge
Superior Court of the District of Columbia

**Copies to:**
Brian L. Schwalb, Esq.
Moxila A. Upadhyaya, Esq.
Ronald C. Jessamy, Esq.

Filed
D.C. Superior Court
09/18/2019 13:19PM
Clerk of the Court

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| JOHN L. RAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2019 CA 005461 B |
| | ) | |
| CLH NEW YORK AVE, LLC, *et al.* | ) | Judge Yvonne M. Williams |
| | ) | Next Event: Initial Scheduling Conference |
| Defendants. | ) | December 13, 2019 |
| | ) | |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the District of Columbia Superior Court Rules of Civil Procedure,

Defendant CLH New York Ave, LLC ("CLH"), through undersigned counsel, states that it does

not have any parent corporation or publicly held company that owns 10% or more of its stock.


Date:   September 18, 2019                    Respectfully submitted,


                                        _____/s/ Brian L. Schwalb_____
                                        Brian L. Schwalb (D.C. Bar # 428551)
                                        Moxila A. Upadhyaya (D.C. Bar # 494373)
                                        BLSchwalb@Venable.com
                                        MAUpadhyaya@Venable.com
                                        Venable LLP
                                        600 Massachusetts Ave., NW
                                        Washington, DC  20001
                                        Telephone: (202) 344-4000
                                        Fax: (202) 344-8300

                                        *Counsel for Defendants CLH New York Ave,*
                                        *LLC, Richard Cohen, Donnie Hinton, and*
                                        *Tony Lash*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2019, a copy of the foregoing was served

through the Court's electronic filing system on:

> Ronald C. Jessamy, Esq.
> Law Office of Ronald C. Jessamy, PLLC
> 1090 Vermont Ave, NW
> Suite 920
> Washington, DC 20005

> *Counsel for Plaintiff*

_____ /s/ Brian L. Schwalb_____
Brian L. Schwalb

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **JOHN L. RAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No.: 2019 CA 005461 B** |
| | ) |
| **CLH NEW YORK AVE, LLC,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the court is Defendants CLH New York Ave, LLC ("CLH"), Richard Cohen,

Donnie Hinton, and Tony Lash (collectively, "the Defendants") Unopposed Consent Motion for

Enlargement of Time to Respond to Plaintiff's Complaint ("Motion") filed September 10, 2019.

Plaintiff filed his complaint on August 19, 2019 and all Defendants were served by September 4,

2019. Defendants need additional time to investigate the allegations made in the complaint to

effectively respond. Defendants are seeking to file their response by October 15, 2019. Plaintiff

consents.

Accordingly, the Court finds good cause to grant the Motion.  It is this 20th day of

September, 2019, hereby,

**ORDERED** that the Unopposed Consent Motion for Enlargement of Time to Respond to

Plaintiff's Complaint is **GRANTED**; and it is further

**ORDERED** that Defendants shall respond to Plaintiff's Complaint by October 15, 2019.

**IT IS SO ORDERED.**

_____
Yvonne M. Williams
Associate Judge

Date:  September 20, 2019

Copies to:

Ronald Jessamy
*Counsel for Plaintiff*

Brian Schwalb
*Counsel for Defendants*